**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRANDY BOWMAN,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:16-cv-1069

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Brandy Bowman filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents two claims of error, both of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

In January 2013, Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income alleging a disability onset date of October 15, 2012 due to mental and physical impairments. (Tr. 234-235, 236-241). After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge. ("ALJ"). On September 17, 2015, ALJ Kevin Detherage held an evidentiary hearing at which Plaintiff appeared with counsel. The ALJ heard testimony from Plaintiff and an impartial vocational expert. (Tr. 34-84). On November 6,

2015, the ALJ denied Plaintiff's applications in a written decision. (Tr. 16-26). Plaintiff now seeks judicial review of the denial of her application for benefits.

Plaintiff was born December 12, 1976 and was 35 years old at the time of the alleged onset date of disability. (Tr. 25) She testified that she graduated from high school and completed two years of college at Marshall University. (Tr. 38). She alleges disability primarily due to her seizure disorder. (Tr. 43). She has past relevant work as a waitress and retail sales clerk. (Tr. 25).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "seizure disorder, headaches, knee impairment, obesity, anxiety disorder, and affective disorder." (Tr. 18). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform a range of sedentary work with the following limitations:

> She is limited to unskilled work; She can never climb ladders, ropes, or scaffolds, she must avoid exposure to hazards, such as heights or machinery with moving parts; she can never perform production rate pace work; perform only occasional changes in routine work place setting; and she will likely be absent from work 1 day per month.

(Tr. 20). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that although Plaintiff is unable to perform her past relevant work, Plaintiff could perform other work in the national economy including such jobs as order clerk, assembler and inspector. Accordingly, the ALJ determined that Plaintiff is not under

disability, as defined in the Social Security Regulations, and is not entitled to DIB and/or SSI. *Id*.

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) failing to obtain testimony from a medical expert in order to determine whether Plaintiff's impairments met the requirements for Listing 11.02; and 2) improperly substituting his own judgment for medical evidence in his assessment of Plaintiff's credibility. Upon close analysis, I conclude that the ALJ's decision should be affirmed.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's decision is supported by Substantial Evidence**

Plaintiff alleges a history of seizures since the age of two. Since her alleged onset date, plaintiff alleges that she has between 2 and 11 seizures per week. Plaintiff's seizures are not epileptic in nature and have been diagnosed as stress-induced pseudo-seizures. Plaintiff first contends that her seizure disorder medically equaled Listing 11.02 and further Plaintiff contends that the ALJ's step three finding that she did not meet Listing 11.02 is not substantially supported because the ALJ did not retain and call a medical expert. Plaintiff next argues that the ALJ improperly discounted her credibility. Plaintiff's assertions will be addressed in turn.

*1. Listing 11.02*

The Listing of Impairments is a set of impairments considered to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Com'r of Soc. Sec.,* 582 F.3d 647, 653 (6th Cir. 2009)(internal quotation marks and citation omitted). If a Plaintiff satisfies a Listing at Step 3 of the sequential analysis, he or she is entitled to conclusive presumption of disability. However, the Plaintiff bears the burden of proving that she

meets or equals all of the criteria of a listed impairment. *See Evans v. Sec'y of Health & Human Servs*., 820 F.2d 161, 164 (6th Cir. 1987).

Listing 11.02 states, in part, as follows:

> 11.02 Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:
>
> A. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once a month for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
>
> OR
>
> B. Dyscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
>
> OR
>
> C. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following . . .
>
> OR
>
> D. Dyscognitive seizures (see 11.00H1b), occurring at least once every 2 weeks for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following. . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1 §11.02.

Plaintiff contends that the evidence of record supports a finding that her impairments meet or equal Listing 11.02. Plaintiff also contends that the ALJ erred in failing to obtain testimony from a medical expert in making this determination.

Plaintiff, however, fails to present sufficient evidence showing how her seizure disorder medically equaled the requirements of Listing 11.02 and, therefore, she fails to meet her burden. Notably, the state agency physicians, who reviewed the record at the

initial and reconsideration stages, opined that Plaintiff did not meet or medically equal any listing. (Tr. 85-98, 99-112, 115-129, 131-145). Furthermore, Plaintiff's seizures typically had been diagnosed as "stress-induced pseudoseizures" and most neurological exams, CT scans, EEGs, and MRIs were normal. (Tr. 18, 22). It remains Plaintiff's burden of proof to show that she is disabled. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C .F.R. §§ 404.1512(a), 416.912(a) (stating that "in general, you have to prove to us that you are ... disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"). Here, Plaintiff fails point to any record evidence that established her impairments meet or equal listing 11.02.

Plaintiff further contends that these medical sources never considered Listing 11.02 and that the ALJ should have obtained testimony from a medical expert prior to rendering his step three determination. (Pl. Br. at 10-11). Contrary to Plaintiff's assertion, the ALJ's decision explicitly states:

> No treating or examining physician has indicated that the claimant has an impairment equivalent in severity to the criteria of any listed impairment in the listing of Impairments. Nevertheless, Listing . . . 11.02 (Epilepsy) [was] considered. However, the record fails to document all of the specific criteria required under [that] Listing.

(Tr. 19).

The ALJ's step three in this regard comports with agency regulations and controlling law. The Sixth Circuit has declined to require remand whenever an ALJ provides minimal reasoning at step three. *See Forrest v. Comm'r of Soc. Sec.*, 591

Fed.Appx. 359,364–66 (6th Cir. 2014); *see also Malone v. Comm'r of Soc. Sec*., 507 Fed.Appx. 470, 472 (6th Cir. 2012) (per curiam) (rejecting argument that ALJ erred by not making specific findings at step three because the ALJ's conclusion was supported by substantial evidence in the record). In *Forrest*, the Sixth Circuit upheld the ALJ's conclusory finding at step three for two reasons: (1) the ALJ made sufficient factual findings elsewhere in his decision to support his conclusion at step three; and (2) even if the ALJ's factual findings failed to support his step three findings, the error was harmless because the plaintiff had not shown his impairments met or medically equaled in severity any of the listed impairments. *Forrest*, 591 Fed.Appx. at 366. Here, as detailed above, although brief, the ALJ sufficiently explained why Plaintiff's impairments did not meet the requirements of Listing 11.02.

Additionally, the ALJ did not err in failing to obtain testimony from a medical evidence. Ruling 96–6p outlines the ALJ's discretion in determining whether an updated medical opinion is actually necessary. *See also Arno v. Astrue,* 2010 WL 5566835 (S.D. Ohio Oct. 8, 2010) (Abel, MJ) ("an [ALJ's] determination of whether a medical expert is necessary is inherently a discretionary decision") (internal cite omitted). Thus, the primary function of a medical expert is to explain, in terms that the ALJ, who is not a medical professional, may understand, the medical terms and findings contained in medical reports in complex cases. *See Richardson v. Perales,* 402 U.S. 389, 408 (1971). The Regulations provide that an ALJ may "ask for and consider opinions from medical experts on the nature and severity of [the claimant's] impairment(s) and on whether [the] impairment(s) equals the requirements of any impairment listed in appendix 1 to this subpart." 20 C.F.R. §§ 404 .1527(f)(2)(iii) and

416.927(f)(2)(iii). An ALJ's decision whether a medical expert is necessary, however, is inherently discretionary. *See* HALLEX I–2–5–32–34 (Sept. 28, 2005); See also *Hayes v. Astrue,* 2011 WL 901013 (S.D. Ohio Feb. 14, 2011) (Bowman, MJ) ("rarely is an ALJ required to obtain additional medical evidence"). Thus, there is no mandate requiring an ALJ to solicit such evidence. *See Simpson v. Comm'r of Soc. Sec.,* 344 Fed.Appx. 181, 189 (6th Cir. 2009) ("20 C.F.R. §§ 404.1527(f)(2) (iii) and 416.927(f)(2)(iii) provide discretion rather than a mandate to the ALJ to decide whether to solicit medical expert testimony ..."). Ultimately, the ALJ is charged with the duty of evaluating the medical evidence on record and determining the claimant's RFC. *See* 20 C.F.R. § 404.154(c).

There is no showing in this case that the use of a medical consultant was necessary. Accordingly, on this record, it was within the ALJ's discretion, to call or not to call a medical expert. Thus, the ALJ's reasonable exercise of that discretion should not be overturned. For these reasons, the undersigned finds no merit in this assignment of error.

*2. Credibility*

Plaintiff next argues that the ALJ erred in evaluating her credibility. Specifically, Plaintiff contends that the ALJ improperly acted as a medical expert in his evaluation of Plaintiff's inconsistent statements, reported daily activities and her compliance with her medication. Plaintiff's assertions lack merit.

It is the province of the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers v. Commissioner of Social Sec.,* 486 F.3d 234, 247 (6th Cir. 2007) (citations omitted). In light of the

Commissioner's opportunity to observe the individual's demeanor, the Commissioner's credibility finding is entitled to deference and should not be discarded lightly. *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir. 2001). "If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir. 1994). The ALJ's articulation of reasons for crediting or rejecting a claimant's testimony must be explicit and "is absolutely essential for meaningful appellate review." *Hurst v. Sec. of HHS,* 753 F.2d 517, 519 (6th Cir. 1985). In this regard, Social Security Ruling 96–7p explains:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96-7p.

In addition, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* The ALJ's credibility decision must also include consideration of the following factors: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other

than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96–7p.

While an ALJ may properly consider a Plaintiff's inconsistent statements and other inconsistencies in the record, the ALJ must also consider other factors listed in SSR 96–7p, and may not selectively reference a portion of the record which casts Plaintiff in a capable light to the exclusion of those portions of the record which do not. *See Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240–41 (6th Cir. 2002). Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir. 2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, her testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.,* 375 F.3d at 392.

Additionally, an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, however, he is not permitted to make his own evaluations of the medical findings. As recognized by this Court, "[t]he ALJ must not substitute his own judgment for a doctor's conclusion without relying on other medical evidence or authority in the record." *Mason v. Comm'r of Soc. Sec*., No. 1:07–cv–51, 2008 WL 1733181, at *13 (S.D.Ohio April 14, 2008) (Beckwith, J.; Hogan, M.J.) (*citing Hall v. Celebrezze*, 314 F.2d 686, 690 (6th Cir.1963).

Upon close inspection, the undersigned finds that the ALJ properly considered the requisite factors in making his credibility determination. Here, the ALJ determined that Plaintiff's complaints of disabling pain were only partially credible in light of the objective evidence, Plaintiff's inconsistent statements and her reported daily activities.

The ALJ discussed the objective evidence and reasonably found that it did not support Plaintiff's allegation that her seizure disorder was debilitating. As discussed above, the ALJ documented that the objective neurological exam findings and the CT scans, EEGs, and MRIs were primarily normal and they did not support Plaintiff's allegations of disabling limitations. (Tr. 18, 22). It is well established that an ALJ is required to consider whether the objective medical evidence is consistent with a claimant's allegations. 20 C.F.R. § 404.1529(c).

The ALJ also properly considered Plaintiff's inconsistent statements relating to her marijuana use and non-compliance with medication. The ALJ noted that Plaintiff had not been regularly compliant with taking her anti-convulsion medication and admitted to marijuana use which weighed against her credibility. (Tr. 22). See SSR 96-7p at *7 ("[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints . . .) The ALJ was permitted to discount Plaintiff's self-reported limitations due to her noncompliance with treatment. *Accord Webster v. Sec'y of HHS,* 1985 WL 13523 (6th Cir. July 8, 1985); 20 C.F.R. § 404.1530 (explaining that a claimant "must follow treatment prescribed by your physician if this treatment can restore your ability to work," and that an inability to follow such prescribed treatment without a good reason will result in a non-disability finding).

The ALJ's credibility finding also properly considered that Plaintiff was able to perform her reported daily activities. While courts have questioned whether some daily activities really indicate that a Plaintiff is able to work outside of the house, an ALJ is allowed and indeed obligated by the regulations to consider whether a Plaintiff's daily activities are inconsistent with her stated functional abilities. See 20 C.F.R. § 404.1529(c) (recognizing that in assessing a claimant's allegations of pain and limitation, the ALJ must make a credibility finding based on both the objective medical evidence and other evidence in the entire case record). Here, the ALJ properly considered Plaintiff's daily activities in addition to several other factors, in assessing his RFC.

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs*., 987 F.2d 1230, 1233 (6th Cir.1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed*. See Jones v. Commissioner of Social Securit*y, 336 F.3d 469, 476 (6th Cir.2003).

**III. Conclusion and Recommendation**

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRANDY BOWMAN,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:16-cv-1069

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).